938 So.2d 688 (2006)
Sonja JACKSON
v.
STATE of Louisiana, et al.
Nos. 2005-C-2021, 2005-C-2026.
Supreme Court of Louisiana.
September 29, 2006.
Rehearing Denied November 9, 2006.
*689 PER CURIAM.
Writ granted in No. 05-C-2026. Plaintiff in this case filed suit against the State of Louisiana and E.A. Conway Medical Center ("Conway") for damages after a scheduled surgery to remove a uterine fibroid for purposes of increasing her fertility resulted in a total abdominal hysterectomy. The trial court dismissed plaintiff's medical malpractice claim. As to plaintiff's informed consent claim, the trial court found that plaintiff consented to a total abdominal hysterectomy and also dismissed that claim. The court of appeal affirmed the judgment of the trial court dismissing plaintiff's medical malpractice claim. However, the court of appeal reversed the trial court's judgment dismissing the lack of informed consent claim. The court of appeal awarded plaintiff $25,000 in damages, finding that surgically induced menopause is a material risk of the removal of a patient's ovaries that should have been disclosed to plaintiff. We grant this writ to determine whether plaintiff consented to the performed procedure and its material risks.
La. R.S. 40:1299.40[1] provides the proper method of obtaining and proving informed consent of a patient. This court *690 has found a doctor's duty is to disclose to a patient those risks that are "material." Hondroulis v. Schuhmacher, on reh'g, 553 So.2d 398, 411 (La.1989). The determination of materiality is a two step process. The first step is to determine the nature and existence of the risk and the likelihood of its occurrence. The second step is for the trier of fact to determine whether the probability of that type harm is a risk to which a reasonable person in the patient's position probably would attach significance. Thibodeaux v. Jurgelsky, 04-2004 (La.3/11/05), 898 So.2d 299, 314. However, a plaintiff can only recover damages for a doctor's failure to disclose a material risk if causation is proven. Causation is established only if adequate disclosure reasonably would be expected to have caused a reasonable person to decline treatment because of the disclosure. Id at 315.
In the instant case, the record includes a fully executed consent form signed by plaintiff. The purpose of the scheduled procedure was to remove a uterine fibroid and clear the plaintiff's fallopian tubes. However, the consent form specifically states that "If indicated will remove my uterus, tubes and/or ovaries." The listed risks associated with the surgery are: bleeding requiring transfusion, infection, infertility, and ectopic pregnancy. When obtaining informed consent, technical language will not ordinarily suffice to disclose a risk to a layperson. A doctor is required to disclose material risks in such terms that a reasonable person in the patient's position would understand, unless the doctor knows or should have known something peculiar to the patient or her circumstances prevented her from understanding. Hondroulis, 553 So.2d at 421. The consent form in this case provided language a reasonable person in plaintiff's position should understand. Further, plaintiff has not proven the doctors at Conway should have known of any peculiarities to prevent plaintiff from understanding the provided language. Consequently, we find no error in the lower courts' determination that plaintiff consented to the total abdominal hysterectomy that was ultimately performed.
The court of appeal found surgically induced menopause, a result of the removal of the ovaries, is a material risk that should have been disclosed to plaintiff before surgery. In the instant case, we need not address and we do not determine whether surgically induced menopause is a material risk that should have been disclosed to plaintiff. Instead, we find, even if we were to assume that surgically induced menopause is a material risk, a reasonable person in plaintiff's position would not have declined treatment had that disclosure been made. It is unreasonable to conclude a patient who accepts the risk of the removal of her uterus, fallopian tubes, and ovaries, as well as the risk of infertility, would not accept treatment if informed surgically induced menopause would result. Therefore, plaintiff cannot recover damages for a lack of informed consent claim.
For the reasons given, we find plaintiff consented to the performed procedure and the court of appeal erred in awarding damages for her lack of informed consent claim. Accordingly, the judgment of the court of appeal is reversed insofar as it awarded damages for plaintiff's lack of informed consent claim.
The writ requested in No. 05-C-2021 is denied.
REVERSED IN PART.
NOTES
[1] The applicable provisions of La. R.S. 40:1299.40 provide:

A. (1) Notwithstanding any other law to the contrary, written consent to medical treatment means a handwritten consent to any medical or surgical procedure or course of procedures which: sets forth in general terms the nature and purpose of the procedure or procedures, together with the known risks, if any, of death, brain damage, quadriplegia, paraplegia, the loss or loss of function of any organ or limb, of disfiguring scars associated with such procedure or procedures; acknowledges that such disclosure of information has been made and that all questions asked about the procedure or procedures have been answered in a satisfactory manner; and is signed by the patient for whom the procedure is to be performed, or if the patient for any reason lacks legal capacity to consent by a person who has legal authority to consent on behalf of such patient in such circumstances. Such consent shall be presumed to be valid and effective, in the absence of proof that execution of the consent was induced by misrepresentation of material facts.
(2) In addition to the information required to be disclosed in Paragraph (1) of this Subsection, where the medical treatment involves the surgical implantation of "Norplant" contraceptive devices, the explanation to the patient shall include the known and significant or other material risks, the known adverse results, and alternative methods of contraception.
B. Except as provided in Subsection A of this Section, no evidence shall be admissible to modify or limit the authorization for performance of the procedure or procedures set forth in such written consent. C. Where consent to medical treatment from a patient, or from a person authorized by law to consent to medical treatment for such patient, is secured other than in accordance with Subsection A above, the explanation to the patient or to the person consenting for such patient shall include the matters set forth in Paragraph (1) of Subsection A above, and an opportunity shall be afforded for asking questions concerning the procedures to be performed which shall be answered in a satisfactory manner. Such consent shall be valid and effective and is subject to proof according to the rules of evidence in ordinary cases.