AMY, J.,
concurring in the result.
IU agree that a reversal of the summary judgment is appropriate. I write separately as I believe that the motion for summary judgment advanced a straightforward question, i.e., whether the plaintiff may proceed with this lack of informed consent case due to his statement that he would have undergone a colonoscopy if informed of the risks, but that he would have had it performed by another physician. On this narrow issue presented, I find the defendants’ submission in support of their motion legally insufficient.
*1124 La.R.S. 40:1299.40(E)(2)(a) provides that:
In a suit against a physician or other health care provider involving a health care liability or medical malpractice claim which is based on the failure of the physician or other health care provider to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or other health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.
The defendants assert that the plaintiff is precluded from establishing the causation element of his case due to Livings v. LaNasa, 552 So.2d 1281 (La.App. 5 Cir.1989), a case rendered prior to the enactment of La.R.S. 40:1299.40(E)(2)(a) and one distinguished at some length by the majority. I do not distinguish Livings from this case. In fact, one of the deficiencies I find in the motion for summary judgment application is the thin factual background provided by the record. Instead, my ^understanding of the causation element of the plaintiffs burden of proof is at odds with the defendants’ argument regarding the persuasiveness of Livings. The defendants’ argument and the Livings case focus on the plaintiffs choice. However, the causation inquiry involves what a reasonable person would have done.
The Louisiana Supreme Court explained in Lugenbuhl v. Dowling, 96-1575, p. 12 (La.10/10/97), 701 So.2d 447, 454, that:
Causation is established only if adequate disclosure reasonably would be expected to have caused a reasonable person to decline treatment because of the disclosure of the risk or danger that resulted in the injury. Although the patient has the absolute right, for whatever reason, to prevent unauthorized intrusions and treatments, he or she can only recover damages for those intrusions in which consent would have been reasonably withheld if the patient had been adequately informed.
(Emphasis added.) See also Jackson v. State, 05-2021 (La.9/29/06), 938 So.2d 688. Thus, it seems to me that the choice the plaintiff would have made if faced with the material risks of a colonoscopy does not, alone and as a matter of law, preclude the recovery for lack of informed consent. Rather, the inquiry is on what a reasonable person would have done.
The defendants, in their brief to this court, reference facts and figures regarding the wisdom of a patient having a colo-noscopy performed. However, the evidence in this regard was submitted in support of the defendants’ first motion for summary judgment which was denied by the trial court. The defendants have not answered this appeal, placing review of this first motion for summary judgment at issue. Moreover, even if considered, I do not see that this evidence on this point is sufficient to sustain the initial burden of proof under La.Code Civ.P. art. 966(C)(2) of “pointing] out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.”
I further refrain from joining the majority’s discussion regarding the | ^reasonableness of the plaintiffs preference of a gastroenterologist instead of a general surgeon. This type of inquiry would necessarily require some evidence that either specialization had a higher level of expertise for this procedure. The record before us, however, does not include evidence as to the scope of the expertise of either type of physician.
*1125 For these reasons, I concur in the result.